D.C.

**Aug 24, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

# 22-20389-CR-ALTMAN/REID

CASE NO.

18 U.S.C. § 2261A(1)
18 U.S.C. § 924(o)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(d)

**UNITED STATES OF AMERICA**

v.

**JULIAN JIMENEZ and**
**JAIME SERRANO,**

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Interstate Stalking
### (18 U.S.C. § 2261A(1))

From on or about August 20, 2019, continuing through on or about August 27, 2019, in

Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**JULIAN JIMENEZ and**
**JAIME SERRANO,**

traveled in interstate commerce, that is, from the State of New York to the State of Florida, with

the intent to kill, injure, harass, and intimidate, and place under surveillance with intent to kill,

injure, harass, and intimidate another person, that is, A.V., and in the course of, and as a result of,

such travel engaged in conduct that placed A.V. in reasonable fear of death and serious bodily

injury to A.V., in violation of Title 18, United States Code, Sections 2261A(1) and 2.

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendants' conduct resulted in serious bodily injury to A.V.

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendants used a dangerous weapon during the offense.

## COUNT 2
### Conspiracy to Use and Carry a Firearm During a Crime of Violence
### (18 U.S.C. § 924(o))

From on or about August 20, 2019, through on or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**JULIAN JIMENEZ and
JAIME SERRANO,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to use and carry a firearm during and in relation to a crime of violence, and to possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is a violation of Title 18, United States Code, Section 2261A(1), as charged in Count 1 of this Indictment, in violation of Title 18 United States Code, Section 924(c)(1)(A); all in violation of Title 18, United States Code, Section 924(o).

## COUNT 3
### Discharging a Firearm in Furtherance of a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A)(iii))

On or about August 27, 2019, in Miami-Dade County, in the Southern District of Florida, the defendants,

2

**JULIAN JIMENEZ and**
**JAIME SERRANO,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is a violation of Title 18, United States Code, Section 2261A(1), as charged in Count 1 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged that the firearm was discharged.

## FORFEITURE ALLEGATIONS

1.    The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **JULIAN JIMENEZ** and **JAIME SERRANO,** have an interest.

2.    Upon conviction of a violation of Title 18, United States Code, Section 924(c), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

3

All pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States

Code, Section 853, and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

FOREPERSON

JUAN ANTONIO GONZÁLEZ
UNITED STATES ATTORNEY

ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

MICHAEL E. GILFARB
ASSISTANT UNITED STATES ATTORNEY

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

JULIAN JIMENEZ and JAIME SERRANO

_____/

CASE NO.:

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)

- ☑ Miami   ☐ Key West   ☐ FTP
- ☐ FTL     ☐ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect:

4. This case will take   4   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    ☑ 0 to  5 days
   II   ☐ 6 to 10 days
   III  ☐ 11 to 20 days
   IV   ☐ 21 to 60 days
   V    ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                          Case No.

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No.  22-mj-03323 & 22-mj-03324

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge                          Case No.

9. Defendant(s) in federal custody as of August 10, 2022

10. Defendant(s) in state custody as of

11. Rule 20 from the              District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____
Abbie D. Waxman
Assistant United States Attorney
FLA Bar No.   109315

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**    JULIAN JIMENEZ

**Case No:**

Count #: 1

Interstate Stalking

18 U.S.C. § 2261A(1)
* **Max. Term of Imprisonment:** 10 years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Conspiracy to Use or Carry a Firearm During a Crime of Violence

18 U.S.C. § 924(o)
* **Max. Term of Imprisonment:** 20 years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Discharging a Firearm in Furtherance of a Crime of Violence

18 U.S.C. § 924(c)(1)(A)(iii)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: ___JAIME SERRANO_____

**Case No**: _____

Count #: 1

Interstate Stalking_____

18 U.S.C. § 2261A(1)_____
* **Max. Term of Imprisonment:** 10 years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Conspiracy to Use or Carry a Firearm During a Crime of Violence_____

18 U.S.C. § 924(o)_____
* **Max. Term of Imprisonment:** 20 years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Discharging a Firearm in Furtherance of a Crime of Violence_____

18 U.S.C. § 924(c)(1)(A)(iii)_____
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**