UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20389-CR-ALTMAN

UNITED STATES OF AMERICA,

v.

JAIME SERRANO,

    *Defendants.*

_____/

**OMNIBUS ORDER**

We held a Calendar Call on August 9, 2023, during which we ruled on six pending motions: (1) the remaining parts of the Government's Motion *in Limine* Regarding the Admissibility of Defendants' Statements (the "Government's First Motion *in Limine*") [ECF No. 135]; (2) the Government's Omnibus Motion *in Limine* [ECF No. 174]; (3) the Defendant's Omnibus Motion *in Limine* [ECF No. 176]; (4) the Defendant's Motion to Sever (the "Motion to Sever") [ECF No. 178]; (5) the Defendant's Motion to Continue Trial and Pretrial Motion Deadline and Deadline to Schedule a Guilty Plea (the "Motion to Continue") [ECF No. 204]; and (6) the Defendant's Motion to Dismiss [ECF No. 177].

For the reasons stated on the record at the Calendar Call, we hereby **ORDER and ADJUDGE** that:

1. The Government's First Motion *in Limine* [ECF No. 135] is **GRANTED in part** as follows:

    a. To the extent the Government seeks to admit Jimenez's statements to E.R. and M.J. about a construction job, those statements are admissible against Serrano.

    b. To the extent the Government seeks to admit Jimenez's *false* statements to the FBI agents who came to execute the DNA warrant, those statements are admissible

against Serrano.

2. The Government's Omnibus Motion *in Limine* [ECF No. 174] is **GRANTED in part and DENIED in part** as follows:

   a. To the extent the Government seeks to admit the FBI agent's lay opinion testimony about the Defendants' cellphone data, the Motion is **GRANTED**.

   b. To the extent the Government seeks to admit the FBI agent's summary timeline, the Motion is **GRANTED**, assuming the Government establishes that the agent is a proper summary witness.

   c. To the extent the Government wants to lead witnesses who *might* become hostile, the Motion is **DENIED without prejudice**. The Government may reraise this request at trial.

   d. To the extent the Government seeks to admit the enhanced Sunpass photo, the Motion is **GRANTED**.

   e. To the extent the Government seeks to respond to the Defendant's evidence about *other* people who may have had a motive to kill A.V., the Motion is **GRANTED**.

   f. To the extent the Government seeks to admit the redacted jail call transcript, the Motion is **DENIED AS MOOT**.

   g. To the extent the Government seeks to **EXCLUDE** evidence about the Defendant's infant child, the Motion is **GRANTED**.

   h. To the extent the Government seeks to impeach a witness with a non-testifying witness's statement, the Motion is **DENIED without prejudice**. The Government may reraise this issue at trial, if appropriate.

3. The Defendant's Motion *in Limine* [ECF No. 176] is **GRANTED in part and DENIED in part** as follows:

    a. Serrano's request that we limit the Government "as to the quantity and type of evidence it may introduce to prove" that A.V. sustained "serious bodily injury" is **mostly DENIED**, except that we **GRANT** Serrano's request that we exclude "photographs of fresh injuries."

    b. Serrano's request that we "preclude the government from introducing any evidence concerning *emotional distress* suffered by A.V. or any friend or member of his family" is **GRANTED**.

    c. Serrano's request that we exclude any form of character or propensity evidence unless he opens the door is **GRANTED**.

    d. Serrano's request that we admit the Declaration of Julian Jimenez, which is filed on the docket at [ECF No. 26-2], is **DENIED**.

    e. Serrano's request that we "admit testimony from witnesses regarding threats made [to] A.V.'s life" from four different sources is **GRANTED in part**. We **GRANT** the Motion to the extent the Defendant seeks to admit the statements of Rolando "Roly" Ramirez, William "Rick Ross" Roberts II, and Alexander Reyes. We **DEFER** ruling on the Instagram Message from "57freddy." The Defendant may reraise this issue at trial.

    f. The portions of the Motion that applied *solely* to Julian Jimenez—*i.e.*, the alleged domestic incidents and Jimenez's potential cooperation—are **DENIED as MOOT** in light of Jimenez's guilty plea.

4. The Defendant's Motion to Sever [ECF No. 178] is **DENIED AS MOOT**.

5. The Defendant's Motion to Continue [ECF No. 204] is **DENIED**.

6. The Defendant's Motion to Dismiss [ECF No. 177] is **DENIED AS MOOT**. The Defendant withdrew this motion in open court.

**DONE AND ORDERED** in the Southern District of Florida on August 9, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record