UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20389-CR-ALTMAN

UNITED STATES OF AMERICA

v.

JULIAN JIMENEZ,

        Defendant.

UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE

Pursuant to Title 18, United States Code, Section 924(d) and the procedures set forth in Title 21, United States Code, Section 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a preliminary order of forfeiture against Defendant, Julian Jimenez, in the above-captioned matter. As agreed upon in the Plea Agreement, ECF No. 206, the United States seeks to forfeit: one (1) .40 Sig Sauer pistol, model P229, serial number AE29558, magazine; and (2) three rounds of .40 S&W ammunition. In support of this motion, the United States provides the following factual and legal bases.

    I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    1.    On August 26, 2022, a federal grand jury charged the Defendant in a three-count Indictment. As relevant here, Count 2 of the Indictment charged the Defendant with conspiracy to use and carry a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(o). Count 3 of the Indictment charged the Defendant with discharging a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section

924(c)(1)(A)(iii).

  2. With respect to Counts 2 and 3, the Indictment sought forfeiture of any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

  3. The following specific property is subject to forfeiture, as alleged in the Plea Agreement [ECF No. 5]:

    (1) .40 Sig Sauer pistol, model P229, serial number AE29558, magazine; and

    (2) three rounds of .40 S&W ammunition

Upon conviction of the Defendant, the property listed in paragraph 3, *supra*, is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d)(1).

  4. On August 9, 2023, the Defendant pled guilty to Counts 1, 2, and 3 of the Indictment. On page 5 of the Plea Agreement [ECF No. 206], the Defendant agreed to forfeit to the United States: one (1) .40 Sig Sauer pistol, model P229, serial number AE29558, magazine; and (2) three rounds of .40 S&W ammunition. On page 5 of the Plea Agreement, the Defendant agreed to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a), and any appeal of the forfeiture. *Id.* In support of the guilty plea, the Defendant executed a Factual Proffer, which provides a factual basis for the forfeiture of property listed in paragraph 3, *supra*. ECF No. 207.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

Any firearm and ammunition involved in or used in the commission of a violation of Title 18, United States Code, Section 924, is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 924(d)(1). If a defendant is convicted of such violation, the Court

"shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 924(d)(1). Criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

### B. Property Subject to Forfeiture in Instant Criminal Case

As set forth in the factual proffer, the Defendant agreed and planned with his co-defendant to shoot the victim. ECF No. 207 at 1-2. The co-defendant gave the Defendant the firearm after their arrival in Miami on August 21, 2019. *Id.* at 2. On August 27, 2019, the Defendant approached the victim and shot him. *Id.* After the shooting, the Defendant fled and abandoned the firearm he used to shoot the victim. *Id.* During the investigation, law enforcement recovered the firearm and ammunition. The Defendant agreed to forfeit the firearm and ammunition. ECF No. 206.

Based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d)(1):

(1) .40 Sig Sauer pistol, model P229, serial number AE29558, magazine; and

(2) three rounds of .40 S&W ammunition

Accordingly, the Court should issue the attached proposed order, which provides for the forfeiture of specific property, and the inclusion of the forfeiture as part of the Defendant's

sentence and judgment in this case.

WHEREFORE, pursuant to 18 U.S.C. § 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with defense counsel via e-mail on November 7, 2023, and there is no objection to this motion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov