UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20389-CR-ALTMAN

UNITED STATES OF AMERICA

v.

JULIAN JIMENEZ,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** comes before the Court upon the Motion by the United States of America (the "United States") for a preliminary order of forfeiture (the "Motion") [ECF No. XX]. Having reviewed the Motion, the record, and the applicable law, the Court finds as follows with respect to forfeiture and the Defendant, Julian Jimenez:

1. On August 26, 2022, a federal grand jury charged the Defendant in a three-count Indictment. As relevant here, Count 2 of the Indictment charged the Defendant with conspiracy to use and carry a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(o). Count 3 of the Indictment charged the Defendant with discharging a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

2. With respect to Counts 2 and 3, the Indictment sought forfeiture of any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

3. The following specific property is subject to forfeiture, as alleged in the Plea Agreement [ECF No. 5]:

    (1) .40 Sig Sauer pistol, model P229, serial number AE29558, magazine; and

    (2) three rounds of .40 S&W ammunition

Upon conviction of the Defendant, the property listed in paragraph 3, *supra*, is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d)(1).

    4.    On August 9, 2023, the Defendant pled guilty to Counts 1, 2, and 3 of the Indictment. On page 5 of the Plea Agreement [ECF No. 206], the Defendant agreed to forfeit to the United States: one (1) .40 Sig Sauer pistol, model P229, serial number AE29558, magazine; and (2) three rounds of .40 S&W ammunition. On page 5 of the Plea Agreement, the Defendant agreed to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a), and any appeal of the forfeiture. *Id.* In support of the guilty plea, the Defendant executed a Factual Proffer, which provides a factual basis for the forfeiture of property listed in paragraph 3, *supra*. ECF No. 207.

    5.    As set forth in the factual proffer, the Defendant agreed and planned with his co-defendant to shoot the victim. ECF No. 207 at 1-2. The co-defendant gave the Defendant the firearm after their arrival in Miami on August 21, 2019. *Id.* at 2. On August 27, 2019, the Defendant approached the victim and shot him. *Id.* After the shooting, the Defendant fled and abandoned the firearm he used to shoot the victim. *Id.* During the investigation, law enforcement recovered the firearm and ammunition. The Defendant agreed to forfeit the firearm and ammunition. ECF No. 206.

Therefore, based on the foregoing, the Court hereby

**ORDERS and ADJUDGES** that:

1. The property listed in paragraph 3, *supra*, is forfeited to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Rule 32.2 of the Federal Rules of Criminal Procedure.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

7. Upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed.  Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within thirty (30) days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n)(7),

CASE NO. 22-20389-CR-ALTMAN

this Order shall become a final order of forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Chambers at Miami, Florida this _____ day of November 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record